```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            STATESVILLE DIVISION
              5:10CV19-02-MU
```

| | |
|---|---|
| **THE NOBLE MOORS OF THE "BEY<br>AND "EL" TRIBES; and<br>CHARLES A. RIPPY-BEY,** ) ) )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**CLERK OF CATAWBA COUNTY SU-<br>PERIOR COURT, et al.,** ) )<br>)<br>**Defendants.** )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court for an initial review of Plaintiffs' action seeking numerous forms of relief, including release from prison or a reduction of his North Carolina term of imprisonment, certain injunctive relief, and one million dollars in damages.

This court is required to construe pro se complaints and petitions liberally. To be sure, pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Moreover, a federal district court is required liberally to construe a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9. Thus, when a federal court is evaluating a pro se complaint, the allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir.1975).

Nevertheless, even under this less stringent standard, the complaint is subject to summary dismissal under circumstances where the allegations, though liberally construed, still do not state a cognizable constitutional claim.  In other words, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.1990).

In the instant case, Plaintiffs' document, captioned merely as "A law suit," alleges that in 1992, Plaintiff Rippy-Bey (who identifies himself as a "Moorish American) was kidnapped by the State and its officials and taken to a county detention facility for a criminal offense; and that he currently is being falsely imprisoned on the basis of his conviction and incarceration for that offense.  Plaintiff Rippy-Bey further alleges that Defendants never should have "place[d] their hand[s] on [him] without [him] be[ing] properly a citizen under this Constitution" (document # 1 at 1).  Nevertheless, careful review of the subject pleading reveals numerous reasons why this action must summarily be dismissal.  The Court, however, will confine this Order to only four such reasons.

First, to the extent that Plaintiff Rippy-Bey is seeking redress for having been kidnapped, this Court has no jurisdiction even to entertain such a claim.  Indeed, Plaintiff Rippy-Bey has

2

not set forth a single fact to invoke the Court's authority over what typically is a violation of state law. White v. Stacher, 2006 WL 1207857 at * 6 (D. S.C. May 1, 2006) (unpublished) (observing that there is no civil action under § 1983 for, inter alia, kidnapping). Thus, that allegation cannot be entertained by this Court.

Second, to the extent that Plaintiff Rippy-Bey is seeking monetary damages on the basis of his claim of false imprisonment, such claim is barred by the principles announced in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)(convicted defendant cannot bring a § 1983 action for money damages when such action would "necessarily imply the invalidity of his conviction or sentence" unless he first proves that his "conviction or sentence has already been invalidated."). Nor can Plaintiff Rippy-Bey obtain injunctive relief under these circumstances. Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002) (finding there was "no reason why [Heck's] rationale would not apply in a situation where a criminal defendant seeks injunctive relief that necessarily implies the invalidity of his conviction.").

Third, to the extent that Plaintiff Rippy-Bey is seeking release or, in the alternative, a reduction of his sentence, such claims sound in habeas. However, this Court previously reviewed and dismissed for untimeliness a habeas corpus action in which Plaintiff sought to challenge the same 1992 convictions

3

referenced in the instant pleading.  See Rippy v. Anderson, 5:07CVv125-MU, appeal dismissed., 295 Fed. App'x 591 (4th Cir. Oct. 3, 2008) (unpublished).  Therefore, in the absence of Plaintiff's securing authorization for his successive habeas claims, as required under 28 U.S.C. § 2244(3)(A), such claims still would not be cognizable by the Court.

Finally, it has not escaped the Court's attention that the subject "law suit" does not contain a single allegation on behalf of Plaintiff The Noble Moors of the Bey and El Tribes.  Therefore, this action must be dismissed in its entirety for Plaintiffs' failure to state a cognizable claim for relief.

**NOW, THEREFORE, IT IS ORDERED** that Plaintiffs' Complaint is **DISMISSED** for their failure to state a constitutional claim for relief.

**SO ORDERED.**

Signed: February 25, 2010

Graham C. Mullen
United States District Judge

4